IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                    2:12-cv-1220

NANCY HOY-NIELSEN,
    Defendant.

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending is PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13) filed by the United States, with brief and numerous exhibits in support. The motion was served by mail on pro se Defendant Nancy Hoy-Nielsen ("Hoy").[1] By Court Order dated April 26, 2013, Defendant's response was due on or before July 5, 2013. Hoy has not filed a response. Accordingly, the motion will be considered without the benefit of a response from Defendant.

Factual Background

The United States filed this action to recover $74,715.50 plus penalties and interest for the alleged unlawful receipt and cashing of seventy-eight (78) United States Savings Bonds by Defendant. On various dates from 1957 through 1980, Defendant was the payee on 114 Savings Bonds. On July 23, 2008, Defendant submitted Department of Treasury form PD F 1048 E, a Claim for Lost, Stolen or Destroyed United States Savings Bonds. (Exhibit C.) Hoy claimed that the bonds had been lost and requested payment by check. In ¶ 7, Hoy signed a certification

---

[1] The United States avers that Defendant has used numerous aliases. The savings bonds at issue were primarily registered to "Nancy Hoy" or "Nancy Lee Hoy." Other names identified on the bonds are "Nancy Lee Hoy or Mary Lee Hoy" and "Nancy Lee Hoy-Neilsen or Robert H. Nielsen."

in which she relinquished her rights to the original bonds; promised to surrender the bonds if they were recovered; and agreed "to indemnify unconditionally the United States and repay to the Department of the Treasury all sums of money which the Department may pay due to the redemption of these original bonds, including any interest, administrative costs and penalties, and any other liability or losses incurred as a result of such redemption." Hoy's signature was witnessed by a notary public. On August 5, 2009, the United States issued a check to Hoy in the amount of $100,950.73. Defendant cashed the check and received the proceeds. (Exhibit E.)

Several months later, Hoy began to relinquish and cash in the same Savings Bonds which she had previously reported as having been lost. (*Compare* Exhibit C and Exhibit F.) Between January and October 2010, Hoy redeemed a total of 78 United States Savings Bonds valued at a total of $70,745.98.

The United States engaged in repeated efforts to recover the duplicate payments from Hoy, including 44 letters to various addresses and 17 telephone calls. (Exhibit D.) To date, no proceeds have been recovered. In addition to recovery of the face amount of the Savings Bonds, the United States claims entitlement to penalties of $2,854.85, administrative fees of $636.00 and interest of $478.67, for a total of $74,715.50.

Procedural History

On August 24, 2012 the United States filed a seven-count Complaint against Hoy. The Complaint seeks recovery under various provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B), and (a)(1)(G), and alternatively, pursuant to the common law

theories of conversion, payment by mistake, and unjust enrichment. Personal service was effectuated on Defendant Hoy on November 11, 2012.

On November 16, 2013, Hoy filed a pro se, typed response (ECF No. 3), which the United States and the Court have construed as an Answer to the Complaint. The "Answer" did not respond to ¶¶ 1-9, 13-15, 17-20, 22-25, 27-30, 32-33, or 34-42 of the Complaint. The only substantive information in the Answer was an explanation by Hoy that she had "only received 3 or 4 letters concerning this issue" and that she had spoken several times to a man from Treasury in 2011. Hoy stated that plans were discussed for a meeting, "but no satisfactory proper and safe circumstances for me could be found." Below her signature, Hoy listed her address as "P.O. Box 24538 Pittsburgh, Pa. 15234." The same address was on the envelope in which the Answer was mailed.

The Court scheduled an initial Case Management Conference for January 17, 2013 and sent notice to Hoy via Certified and First Class Mail. On December 14, 2012, Hoy and the United States jointly submitted a Rule 26(f) Report, which was signed by Hoy and the Assistant United States Attorney ("AUSA"). (ECF No. 5). On January 16, 2013, the United States filed a motion to postpone the Case Management Conference because the parties had been "engaging in meaningful settlement discussions," including a second face-to-face meeting on January 15, 2013. In February and March, 2013 the United States filed additional motions for postponement, which the Court granted.

The Case Management Conference was finally scheduled for April 26, 2013. Hoy was given notice of the conference by Certified and First Class Mail, but failed to appear. Following

the conference, the Court issued an Order which provided that summary judgment motions were to be filed on or before June 7, 2013 and responses thereto were due on or before July 5, 2013.

The instant summary judgment motion was timely filed by the United States. The motion reflects that it was properly served on Hoy. As of the date of this Memorandum Opinion and Order, no response has been filed by Hoy, nor has she contacted the Court in any way.

Standard of Review

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To withstand summary judgment, the non-movant must show a genuine dispute of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A dispute is "genuine" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Legal Analysis

Pursuant to Fed. R. Civ. P. 56(a), the Court shall grant summary judgment if: (1) the movant establishes that there is no genuine dispute as to any material fact; ***and*** (2) the movant is entitled to judgment as a matter of law. The Advisory Committee Notes regarding the 2010 amendments explain that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." On the other hand, Fed. R. Civ. P. 56(e) provides that the Court may consider facts to be undisputed for purposes of the summary judgment motion and may grant summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." The Court has accepted the facts submitted by the United States as undisputed, in light of Defendant's failure to respond. The Court has also conducted a rigorous review to determine whether or not the United States is entitled to summary judgment.

To establish a prima facie case under the FCA, the United States must prove that: (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir. 2001). The FCA imposes liability only on individuals who "knowingly" present a false claim to the United States. A person acts "knowingly" when he or she "(1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b).

The elements of a conversion claim under Pennsylvania law are: (1) the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith,

(2) without the owner's consent, and (3) without lawful justification." Specific intent is not required, but the Defendant must intend to exercise dominion or control over the goods which is in fact inconsistent with the plaintiff's rights. *Valley Rod & Gun Club v. Chesapeake Appalachia, LLC*, 2013 WL 2393003 (M.D. Pa. 2013).

"Payment by mistake" is a common law remedy which is available to the United States independent of statute. *United States v. Wurts*, 303 U.S. 414, 415 (1938). 'The United States by appropriate action can recover funds which its agents have wrongfully, erroneously or illegally paid." *Id*. The United States's recovery of funds paid by mistake to one having no just right to keep the funds is not barred by the passage of time. *Id*.

Unjust enrichment is essentially an equitable doctrine. Under Pennsylvania law, a party seeking to plead unjust enrichment must allege the following elements: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) the defendant's acceptance and retention of the benefit 'under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Giordano v. Claudio*, 714 F.Supp.2d 508, 530 (E.D. Pa. 2010) (*quoting Filippi v. City of Erie*, 968 A.2d 239, 242 (Pa.Commw. 2009)). Under such circumstances, "the law implies a contract between the parties pursuant to which the plaintiff must be compensated for the benefits unjustly received by the defendant." *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993). The existence of such a contract "requires that the defendant pay the plaintiff the value of the benefits conferred...." *Id*.

The Court has no difficulty in concluding that the United States is entitled to summary judgment. Hoy was paid twice for the same Savings Bonds. She must return the over-payment to the government. The United States has articulated numerous viable, but duplicative, theories

of recovery. The Court notes that the FCA provides for treble damages and the United States asserted a claim in the Complaint for same. However, the Motion for Summary Judgment does not appear to pursue treble damages and the proposed Order of Court seeks Judgment in the amount of $74,715.50. The Court will grant the motion in accordance with the request of the United States.

Conclusion

In accordance with the foregoing, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13) will be **GRANTED**. Judgment will be entered in favor of the United States and against Defendant Hoy (and the multiple aliases identified by the United States) in the amount of $74,715.50, plus interest.

An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                    2:12-cv-1220

NANCY HOY-NIELSEN,
    Defendant.

## ORDER OF COURT

AND NOW, this 4th day of September, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13) is **GRANTED**. Judgment will be entered in favor of the United States and against Defendant Nancy Hoy-Nielsen (a/k/a Nancy L. Nielsen, Nancy Nielsen, Nansi L. Nielsen, Nansy L. Nielsen, Nansy Nielsen, Nancy Lee Hoy, Nancy L. Hoy, Nancy Lee Hoy, Nancy L. Hoynielsen, Nancy Hoy, and Nancy Hoynelson) in the amount of $74,715.50, plus post-judgment interest in accordance with 28 U.S.C. § 1961 from September 4, 2013 through the date of payment.

                                              BY THE COURT:

                                              s/ Terrence F. McVerry
                                              United States District Court Judge

cc: **Paul E. Skirtich, Esquire**
Email: paul.skirtich@usdoj.gov

**NANCY HOY-NIELSEN**
Post Office Box 24538
Pittsburgh, PA 15234
**via first class mail and certified mail**

9